IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD L. ZACKERY,

    Plaintiff,                            No. CIV S-05-2315 MCE DAD P

    vs.

STOCKTON POLICE DEPARTMENT, et al.,

    Defendants.                      ORDER

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

4  U.S.C. § 1915A(b)(1),(2).

5  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12  A complaint, or portion thereof, should only be dismissed for failure to state a

13  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

14  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

15  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

16  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

17  complaint under this standard, the court must accept as true the allegations of the complaint in

18  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

19  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

20  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21  The complaint must allege in specific terms how each named defendant is

22  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

23  or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

24  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

25  F.2d 740, 743 (9th Cir. 1978).  In addition, supervisory personnel are generally not liable under

26  § 1983 for the actions of their employees under a theory of respondeat superior and, therefore,

when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff's complaint sets forth allegations only as to defendant Breckenridge, a Stockton Police Department Officer. The only additional allegation in the complaint concerning other defendants is plaintiff's claim that "[a]ll the officers were involved." Complaint at section III. Plaintiff must provide more specific allegations identifying the defendants against whom he wishes to pursue this action and explaining how each named defendant was involved in the use of excessive force against him.[1] Therefore, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint.

Plaintiff is also advised that when force is used during an arrest, whether the force was excessive under the Fourth Amendment will be measured by the standard of objective reasonableness. Deorle v. Rutherford, 272 F.3d 1272, 1278 (9th Cir. 2001) (citing Graham v. Connor, 490 U.S. 386 (1989)). The reasonableness of the force applied is balanced by the governmental interest at stake or the need for that force. Id.; Liston v. County of Riverside, 120 F.3d 965, 976 (1997). "[T]he degree of force used . . . is permissible only when a strong governmental interest compels the employment of such force." Deorle, 272 F.3d at 1280. Therefore, in his amended complaint, plaintiff should provide further allegation surrounding the circumstances of his arrest, and explain in what way the force used was unreasonable.

---

[1] Plaintiff has listed some defendants in addition to Officer Breckenridge in the caption of his complaint. However, in section III of his form complaint, where one is called upon to identify the named defendants, plaintiff lists additional defendants not appearing in the caption while omitting some of those listed in the caption. In his amended complaint, plaintiff must clearly identify each named defendant by his/her full name, if available, job title, and alleged role in the incident about which plaintiff complains.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Within thirty days from the service of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the court; plaintiff must file an original and two copies of the amended complaint;

3. Plaintiff shall submit, within thirty days from the service of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

4. Plaintiff shall submit, within thirty days from the service of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint;

5. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and the form complaint for a § 1983 action; and

6. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 23, 2005.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
zack2315.3c+

4