IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD LOUIS ZACKERY,

      Plaintiff,                                No. CIV S-05-2315 MCE DAD P

      vs.

STOCKTON POLICE DEP'T, et al.,

      Defendants.                   <u>ORDER</u>

/

      Plaintiff, a state prisoner proceeding pro se, has filed a § 1983 civil rights action alleging the excessive use of force by Stockton Police Department officers during plaintiff's arrest. Specifically, plaintiff alleges that officers unnecessarily used a "taser" and a police dog in arresting plaintiff. He alleges that he suffered numerous injuries, including dog bites, and that the officers delayed medical treatment of injuries. Before the court are plaintiff's motions to compel discovery, a request for the appointment of counsel and plaintiff's request for an extension of time to file his opposition to defendants' motion for summary judgment/summary adjudication.

I. <u>Motions to Compel</u>

      In his first motion to compel, filed on October 26, 2006, plaintiff seeks the production of medical records and supplemental police reports. The proof of service for this

1

motion indicates that it was served only on the California Attorney General's Office. However, the defendants in this action are represented by the Stockton City Attorney's Office. Because plaintiff's first motion to compel was not properly served on counsel for defendants, it will be denied.

In his second motion to compel the production of documents, filed on December 26, 2006, plaintiff seeks "citizen complaints" concerning prior acts of misconduct by the arresting officers, defendants Breckenridge, Hachler, Beard, and Snyder. (Mot. to Compel, filed 12/26/06, Ex. 1.) This discovery request was served on each defendant. Below the court will set out the discovery request in question and defendants' response.

PRODUCTION OF DOCUMENT NO. 9

> Produce all citizen complaints filed against the following Officers.
> Defendants: Hachler Kelvin - Breckenridge Edward - Snyder Theoure - Beard Harrison.
> For False Arrest. Excessive Force. From What Years The Defendants Was Employ For the Stockton Police Department.

(Id.) Defendants Breckenridge, Hachler, Beard, and Snyder provided the following response to this request:

PRODUCTION OF DOCUMENT NO. 9

> Defendant objects to this request on the grounds that it is vague and overbroad as to "all citizen complaints" as well as requests information that pertains to other officers as this defendant is not the custodian of records. Additionally, the request seeks information that is beyond the five years that state law requires any complaints be maintained. Moreover, defendant objects on the ground that the information requested is "official information," confidential, privileged, and violates the right to privacy pursuant to 5 U.S.C. § 552 et seq. The information requested, if it exists at all, would be contained in personnel evaluations and/or internal affairs investigations and/or complaints which are considered as a matter of public policy to be confidential. Therefore, no documents, if they exist, will be produced.

(Id., Ex. 2.)

In opposing plaintiff's motion to compel, defendants argue that in addition to the requested documents being confidential and privileged, plaintiff has failed to adequately identify

the information he seeks.  Accordingly, in this third motion to compel plaintiff renews and limits his request to citizen complaints that were filed against the named police officers over the past five years.  Plaintiff also agrees that personal information, such as, social security numbers, phone numbers and addresses, should be redacted from any documents produced pursuant to this request. (Mot. to Compel, filed 1/29/07 at 3.)

Plaintiff provides the following argument in support of this aspect of his motion to compel:

> If there exist past complaints that those Defendants identified committed similar acts before, rules of and purpose [sic] discovery favor disclosure. . . .  Also any prior complaints that shows the propensity of these officers to be dishonest is relevant to this action
> . . . .

(Mot. to Compel, filed 1/29/07 at 2-3.)[1]

Defendants again argue in perfunctory fashion that the documents sought are protected by privilege and confidentiality and that the request is overbroad.  In addition defendants argue that as individuals they do not have possession, custody or control over citizen complaints filed against them.[2]

As noted above, this is a civil rights action alleging excessive use of force by the defendant police officers in arresting plaintiff.  As now limited, plaintiff seeks discovery of

---

[1] Plaintiff also addresses defendants' argument regarding the parties before the court, contending that the Stockton Police Department is in fact "a party/defendant of this action." (Reply, filed 2/26/07, at 3.)  Plaintiff is mistaken.  Regardless of the case caption used for documents filed in this action, the operative pleading is the amended complaint which does not include the Stockton Police Department as a defendant.  In addition, the court did not order service of process on the Stockton Police Department.

[2] In opposing plaintiff's motion to compel, defendants have focused their argument on plaintiff's request number five, rather than request number nine which is the subject of the motion. Request number 5 provides, "Produce prior complaints on police at the scene of the crime on 9/02/2004, for use of excessive force." (Pl.'s Mot. to Compel, filed 1/29/07, Ex. 1.)  As set out above, request number 9 seeks citizen complaints filed against the specific officers identified therein.  Accordingly, defendants' argument that the request is overbroad because it does not identify the officers about whom information is sought is inapplicable to the request at issue.

citizen complaints of excessive use of force filed against these same officers during the past five years. That request is not overbroad. Even with respect to claims of excessive use of force against individual officers, such personnel file information has been found to be quite relevant because they may reveal the defendant officers' credibility, motive and patterns of behavior. Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995); Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993).

Defendants principal objection is a general claim of confidentiality and privilege with respect to such documents. Federal courts ordinarily recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992); Cook v. Yellow Freight System, Inc., 132 F.R.D. 548 (E.D. Cal. 1990). The party or person whose privacy is affected may either object to the discovery request or seek a protective order. Laxalt v. McClatchy, 809 F.2d 885 (D.C. Cir. 1987). Resolution of a privacy objection or request for protective order requires a balancing of the need for the particular information against the privacy right asserted. Perry v. State Farm Fire & Casualty Co., 734 F.2d 1441 (11th Cir. 1984); Rubin v. Regents of University of California, 114 F.R.D. 1 (N.D. Cal. 1986).

Similarly, federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). However, the so-called official information privilege is only a "qualified privilege" that "must be formally asserted and delineated in order to be raised properly." Kerr, 511 F.2d at 198 (citations omitted).

> The privilege belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party. It is not to be lightly invoked. There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer. . .

Id. (quoting United States v. Reynolds, 345 U.S. 1, 7-8 (1953)). Further, "[t]he claiming official must 'have seen and considered the contents of the documents and himself have formed the view

that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Id. (quoting Reynolds, 345 U.S. at 8 n.20). See also Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341-42 (D.C. Cir. 1984) ("The party claiming privilege has the burden to establish its existence.... It will not be considered unless presented in a deliberate, considered and reasonably specific manner ....).

Specifically, in determining the protection afforded by the official information privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. Soto v. City of Concord, 162 F.R.D. at 613; Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). This balancing approach should be "moderately pre-weighted in favor of disclosure." Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 661. However, the party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 669). See also King v. Conde, 121 F.R.D. 180, 189 (E.D. N.Y. 1988).

> The affidavit must include: '(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.'

Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 670).

If the party invoking the privilege fails to satisfy this threshold burden the documents in issue should be disclosed. Soto, 162 F.R.D. at 613   If the threshold showing

/////

/////

5

requirements are met, the reviewing court is to balance each party's interests in considering disclosure. Id. at 613 (citing Kelly, 114 F.R.D. at 671).[3]

The court has determined that defendants have failed to meet their initial burden in invoking the official information privilege. No responsible official came forward to properly assert and delineate any claim of privilege. Defendants merely have offered the vague and conclusory assertion that citizen complaints against the defendant officers should not be produced because they contain privileged and confidential information, disclosure of which would violate the right to privacy. See Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 669 ("Unless the government, through competent declarations, shows the court what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be, the court cannot conduct a meaningful balancing analysis.") (emphasis in original). Because defendants have failed to make the required threshold showing, their objection based on privilege must be overruled.

Finally, defendants argue that as individual defendants, they do not have possession and control of citizen complaints filed against them and cannot produce documents they do not have." (Id. at 3-4.) The court acknowledges that the named defendants do not have personal procession of their personnel files in which citizen complaints against them would be contained. However, such are relevant to this action for the reasons set forth above and plaintiff

---

[3] This balancing analysis includes consideration of the following factors: (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will by chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. Soto v. City of Concord, 162 F.R.D. 603, 613 n.4 (N.D. Cal. 1995) (citing Kelly v. City of San Jose, 114 F.R.D. 653, 663 (N.D. Cal. 1987)); see also Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973)).

is entitled to them. While the court could direct plaintiff to issue a subpoena to the Custodian of Records for the Stockton Police Department calling for production of the records, that would unnecessarily consume even more time in dealing with this relatively routine request for discovery. Accordingly, the court will direct counsel for defendants to make the necessary inquiries and arrangements for the requested citizen complaint records to be produced to plaintiff. Those records may be redacted prior to production to eliminate all personal information, such as, social security numbers, phone numbers and addresses.

In his third motion to compel the production of documents, plaintiff seeks medical records from the Stockton Police Department. Specifically, plaintiff's discovery request states:

### PRODUCTION OF DOCUMENT NO. 2

> Produce all medical records, photo, physical examine reports, physician note, and progressive note report filed by treating physician(s), while in the County of San Joaquin Jail Facility, dated between 9/02/2004 thru 11/29/2004

(Mot. to Compel, filed 1/29/07, Ex. 1.[4])

Defendant Snyder provided the following response to this request: "Defendant Snyder is unaware of any documents in his possession responsive to this request." (Id., Ex. 1(a) at 2.) In their opposition to the motion to compel, defendants argue that the Stockton Police Department was not served with the amended complaint and that discovery can only be directed to defendants Breckenridge, Hachler, Beard and Snyder. (Opp'n at 2.) Defendants also argue that plaintiff has not explained in his motion "how or why these individual defendants would have his medical records, other than to state that he was treated by medical personnel while in the custody of the Stockton Police Department. Defendants cannot produce documents which they do not have." (Id. at 3-4.) Again, the court acknowledges that the named defendants do not likely have personal possession of plaintiff's medical records. Nonetheless, these records are

---

[4] No proof of service is attached to the request for production of documents.

relevant to plaintiff's action and he is entitled to have access to his medical records. Therefore, the court will direct counsel for defendants to make the necessary inquiries and arrangements for the production of plaintiff's medical records to him.

II. Request for Appointment of Counsel

On November 29, 2006, plaintiff filed a second request for the appointment of counsel. For the reasons set forth in the court's August 28, 2006 order, the request will be denied. Plaintiff is also advised, that the test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

III. Plaintiff's Request for an Extension of Time

Lastly, plaintiff has filed a second request for an extension of time to file his opposition to defendants' April 5, 2007 motion for summary judgment. The court will grant plaintiff's request and order plaintiff to file his opposition following the production of his medical records and the citizen complaint records by defendants' counsel. In light of the pending motion for summary judgment/summary adjudication, the court will also vacate the dates for the filing of pretrial statements, pretrial conference, and trial. New pretrial conference and trial dates will be set if appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 26, 2006 motion to compel the production of documents is denied;

/////

2. Plaintiff's December 26, 2006 and January 29, 2007 motions to compel the production of documents are granted as follows: Within thirty days from the date of this order, counsel for defendants shall obtain from the Stockton Police Department and produce copies of plaintiff's medical records for the period from September 2, 2004 to November 29, 2004 and redacted versions of citizen complaints filed against officers Hachler, Breckenridge, Snyder and Beard Harrison involving claims of excessive use of force over the past five years;

3. Plaintiff's request for the appointment of counsel, filed on November 29, 2006, is denied;

4. Plaintiff's May 22, 2007 request for an extension of time to file his opposition to defendants' April 5, 2007 motion for summary judgment/summary adjudication, is granted;

5. Within thirty days from the receipt by plaintiff of the discovery ordered herein, plaintiff shall file his opposition to defendants' April 5, 2007 motion for summary judgment/ summary adjudication; and

7. The dates for the filing of pretrial statements, the pretrial conference and the trial, as set forth in the October 20, 2006 scheduling order, are vacated.

DATED: June 7, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
zack2315.disc+